IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| **COMMONWEALTH EDISON COMPANY** a/k/a ComEd and **TRAVELERS INDEMNITY COMPANY**, <br><br>    Plaintiff, <br><br> v. <br><br> **ARCH INSURANCE COMPANY**, <br><br>    Defendant. | Case No. 12 C 7698 <br><br> Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

#### I. BACKGROUND

This is an insurance coverage dispute. The Plaintiff Commonwealth Edison Company ("ComEd") and its insurer, Travelers Indemnity Company ("Travelers") contend that the Defendant, Arch Insurance Company ("Arch"), has the primary obligation to defend ComEd in a personal injury lawsuit filed in Cook County Circuit Court. The facts are relatively simple since the Defendant, Arch, did not contest any of ComEd's Local Rule 56.1(b)(3)(B) Statement of facts. ComEd contracted with a firm named UtilX to do some repair work on its electrical equipment. UtilX in its contract with ComEd agreed to add ComEd as an additional insured on a primary basis. In turn UtilX subcontracted with Trench-It to assist in performing some of UtilX's work under the ComEd

contract. Trench-It also agreed to name ComEd as an additional insured under its contract with UtilX.

Arch issued a commercial general liability insurance policy to Infrastrux Group Inc., under which UtilX was a named insured. The Arch policy also contained an endorsement providing that coverage included as additional insured "any person or organization for whom you are performing operations when you are specifically required by a written construction contract or agreement . . . to include them as an additional insured on your policy. . . ." The policy further provided that coverage was to be "primary to and non-contributory with any other insurance available to that person or organization." The coverage was conditioned on the "liability arising out of . . . 'your work' at the location designated. . . ." "Your Work" was defined to mean: "work or operations performed by you or on your behalf. . . ." The policy further defined "you" and "your" to be the "named insured shown in the declarations and any other person or organization qualifying as a Named Insured under this policy."

Trench-It, UtilX's subcontractor, also contractually agreed to provide insurance coverage to ComEd. In accordance with its sub-contract, Trench-It obtained a commercial general liability insurance policy from Travelers. The Travelers policy contained an endorsement with respect to additional insurance coverage. Similar to the Arch policy the definition of "Insured" includes

- 2 -

"any person or organization that you agree in a 'written contract requiring insurance' to include as an additional insured. . . ." However, dissimilar to the Arch policy, the insurance provided under this endorsement to the additional insured was designated as "excess over any valid and collectible 'other insurance' whether primary, excess, contingent or on any other basis, that is available to the additional insurance for a loss . . . under this endorsement" unless the contract requiring insurance specifically requires the insurance apply on a primary basis or a primary and non-contributory basis. . . ."

The underlying personal injury suit was as a result of injuries suffered by an employee of Trench-It. The employee first sued ComEd, alleging that ComEd, via its agents, breached various duties owned which caused his injuries. The employee later amended his complaint to add UtilX as a defendant likewise alleging that UtilX breached certain of its duties that caused his injuries. Then ComEd filed a counterclaim against UtilX for contribution, indemnity, and fai8lure to procure insurance as required under its contract with UtilX. UtilX admitted the existence and relevant terms of its contract with ComEd in its answer to the counterclaim.

In September 2008, when ComEd learned of the underlying lawsuit it tendered the defense to UtilX and Arch, who in turn tendered ComEd's claim for defense and indemnity to Trench-It,

- 3 -

who in turn notified Travelers. Travelers in November 2008, agreed to provide defense to ComEd. Arch, on the other hand, did not respond to ComEd's tender until July 2009, when it agreed to defend and indemnify ComEd. However, even after acknowledging its defense and indemnity obligations, it has refused to pay for ComEd's defense.

Arch takes the position that its policy is excess to the Travelers Policy and thus does not have a primary, non-contributory duty to defend ComEd. It takes the position based on provisions of its policy issued UtilX that states:

   a.   Primary Insurance

      This insurance is primary except when Paragraph b. below applies

                              * * *

   b.   Excess Insurance

      This insurance is excess over:

                              * * *

      (B) Any other primary insurance available to *you* covering liability for damages arising out of the premises or operations, or the products and completed operations, for which *you* have been added as an added an additional insured by attachment of an endorsement (emphasis added).

   (2)   When this insurance is excess, we have no duty under [liability coverages] to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit"

- 4 -

Arch interprets these provisions to make it excess to Travelers because, in its opinion, "you in sub-paragraph (B) refers to ComEd because it is an additional insured under its policy."

## II.  **DISCUSSION**

The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the Court and are appropriate subjects to disposition by summary judgment.  *American Economy Ins. Co. v. Holabird and Root,* 886 N.E.2d 1166, 1170 (Ill. App. 1st. Dist. 2008).

Interpreting the Arch policy, it is clear, as argued by ComEd and Travelers, that the "you" in subparagraph b.(B) refers to UtilX, the named insured and not ComEd, who is an "additional insured" under the policy.  This is based on the definition of "you" as previously described.  Thus, the Arch policy provides that ComEd, as an additional insured, is covered under the policy as primary, not as excess and Arch has the duty to defend and indemnify.  *A-1 Roofing Co. v. Navigators Ins. Co.*, 2011 Ill. App. (1st) 100878, 97.

Arch's fall back position is that since its policy provides excess coverage to ComEd and Travelers does likewise, Arch and Travelers are in the same boat and since both policies are excess, they must share pro rata in providing defense and indemnity.  However, has shown above, Arch is not excess and

therefore is not in the same boat with Travelers. Accordingly, the Court finds that Arch has the primary coverage over the lawsuit against ComEd and Travelers has excess coverage.

### III. CONCLUSION

For the reasons stated herein, the Court grants Plaintiffs' Motion for Summary Judgment, and declares Arch to have primary coverage and Travelers excess coverage.

**IT IS SO ORDERED.**

                                                                Harry D. Leinenweber, Judge
                                                                United States District Court

Date: July 19, 2013